## Commonwealth v. Younkin

*Gerald Solomon,* for Commonwealth.
*Thomas Ruane,* for defendant.

CICCHETTI, *P.J.,* December 15, 1981—This case is before the court en banc upon defendant's motion for a new trial and motion in arrest of judgment following his conviction on charges of Lotteries, Pool selling and Bookmaking.

Defendant contends that the court erred in not suppressing the evidence obtained in the search of defendant's residence.

In support of the contentions, defendant alleges that the search conducted of defendant's premises on November 24, 1980, was illegal and that the evidence thereby obtained was not admissable. The allegation is based upon Pa.R.Crim.P. 2003(c) and 2005(e), which state that, "No search warrant shall authorize a nighttime search unless the affidavits show reasonable cause for such nighttime search." Rule 2003(c), and also that a daytime warrant must be served between the hours of 6:00 a.m. to 10:00 p.m., rule 2005(e). The search warrant in the instant case was served on defendant at 9:10 p.m., the actual search began at 9:30 p.m. and concluded at approximately 10:30 p.m. It is defendant's position that since the search extended

beyond the period designated as daytime that the search was illegal and the evidence inadmissible.

In order for the search to be a valid daytime search, the warrant must be served before 10:00 p.m., on that point, the language of rule 2005(e) is clear. No mention is made, however, of when the search must be concluded. This court holds that where a search warrant is validly served and the search begun in the daytime, it is valid even though it extends into the nighttime. Such a validly served daytime search warrant and the ensuing search do not intrude into the citizens privacy to the degree that would require a special showing of reasonable cause for a nighttime search. The intrusion into defendant's home took place in the daytime hours and, therefore, the purpose of the rules has not been violated.

Support for the position of this court can be found in the Federal courts. In a similar lottery and gambling case, the court held that it was sufficient that the search began in the daytime, although it continued into the nighttime: United States v. Bell, 126 F. Supp. 612 (D.C.D.C. 1955). The courts have followed Bell in subsequent cases on the same issue: Woods v. United States, 240 F. 2d 37 (D.C. Cir. 1956), United States v. Joseph, 174 F. Supp. 539 (E. D. Pa. 1959), and United States v. Voegle, 346 F. Supp. 7 (E. D. Mich. 1972).

Based on a strict interpretation of the Pa. Rules of Crim. P. 2005(e) and applicable case law, the search was a valid daytime search and the evidence thereby obtained was properly admissible into evidence.

As this court has determined that the evidence was legally obtained, such evidence was properly before the jury and was sufficient to sustain the verdict as not against the evidence, not against the weight of the evidence, and not against the law.